David L. Cook
Laura E. Sedlak
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
E-mail: dcook@sillscummis.com
E-mail: lsedlak@sillscummis.com
*Attorneys for Defendant The New York Times Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE NEW YORK TIMES COMPANY**,<br><br>Defendant. | Civil Action No. ___________<br><br>**NOTICE OF REMOVAL**<br><br>Removed From:<br>Superior Court of New Jersey<br>Bergen County – Law Division<br><br>State Court Docket No.:<br>BER-L-005816-25 |

**TO: THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY**

PLEASE TAKE NOTICE THAT Defendant The New York Times Company ("Defendant") gives notice of the removal of this civil action from the New Jersey Superior Court, Law Division, Bergen County, to the United States District Court for the District of New Jersey, Newark Vicinage pursuant to 28 U.S.C. § 1332(d)(2), 1441, 1446, and 1453 on the grounds of diversity jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d)(2). In support of this Notice of Removal, Defendant alleges as follows:

## I. THE REMOVED CASE

The removed case is a putative class action filed on or about August 27, 2025 in the Superior Court of New Jersey, Bergen County, Law Division, styled *Hoffman v. The New York Times Company,* Docket No. BER-L-005816-25 (the "State Court Action"). Plaintiff Harold M. Hoffman ("Plaintiff"), a "serial *pro se* class action litigant from New Jersey who frequently sues under the New Jersey Consumer Fraud Act," *Hoffman v. Nordic Naturals, Inc.*, 837 F.3d 272, 274 (3d Cir. 2016), alleges that Defendant's publication of a photography and story in the July 25, 2025 issue of *The New York Times* constitutes common law fraud and violates the New Jersey Consumer Fraud Act, N.J. Stat. Ann § 56:8-1 *et seq.* (the "CFA").

Pursuant to Rule 5.1 of the Local Civil Rules of the United States District Court for the District of New Jersey and 28 U.S.C. § 1446(a), a true and correct copy of the complaint (the "Complaint" or "Compl."), the only pleading or order served upon Defendant to date, is attached as **Exhibit A**.

The Complaint was served on August 28, 2025, and Defendant received the Complaint thereafter. A copy of the Affidavit of Service is attached as **Exhibit B**.

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION

This action is removable under 28 U.S.C. § 1441, because this Court would have had original jurisdiction over this putative class action under CAFA. *See* 28 U.S.C. § 1332(d)(2). First, there is minimal diversity; i.e., at least one member of the putative class is a citizen of a State different from any one defendant. *See* 28 U.S.C. § 1332(d)(2)(A). Second, the number of putative class members is at least 100. *See* 28 U.S.C. § 1332(d)(5)(B). Third, the aggregate amount in controversy, as pled in the Complaint, exceeds $5 million. *See* 28 U.S.C. § 1332(d)(2). Thus, the jurisdictional requirements under CAFA are satisfied.

### A. There Is Minimal Diversity

Minimal diversity under CAFA only requires that "any member of a class of plaintiffs is a citizen of a State different from any defendant." *See* 28 U.S.C. § 1332(d)(2)(A). Here, Plaintiff is a member of the putative class. (Compl. ¶ 36.) He alleges that, "[a]t all times relevant, [he] was an individual with a place of residence in the State of New Jersey, County of Bergen." (Compl. ¶ 27.) Defendant is a corporation organized and existing pursuant to the laws of the State of New York, and is headquartered in New York, New York, (*id.* ¶ 28; Declaration of Antonio Scipioni ("Scipioni Decl.") ¶ 4), and Defendant's principal place of business is at 620 Eighth Avenue, New York, New York 10018 (Scipioni Decl. ¶ 4.)

Based on the foregoing facts, CAFA's minimal diversity requirement is satisfied, because Plaintiff, a member of the putative class and citizen of New Jersey, is diverse from Defendant (a citizen of New York). *See* 28 U.S.C. § 1332(d)(2)A).

### B. The Number of Putative Class Members Is at Least 100

Plaintiff defines the alleged class as "all New Jersey subscribers to the New York Times who purchased such subscription during the six year period preceding the filing of this suit." (Compl. ¶ 52.) Plaintiff does not allege an exact number of class members, but Plaintiff alleges that the "members of the Class are so numerous that joinder of all members is impracticable" and that the Class "is comprised of consumers throughout the State of New Jersey." (*Id.*) Although the Complaint does not define "New Jersey subscribers," Defendant currently has more than 11.8 million subscribers in total,[1] and at least 100 of Defendant's subscribers in the last six years were

[1] Form 10-Q for the quarterly period ended June 30, 2025, The New York Times Company, available at https://nytco-assets.nytimes.com/2025/08/Q2-2025-Form-10-Q.pdf at 24.

located in New Jersey. (Declaration of Dimitriy Nikolskiy ¶ 3.) The number of putative class members is certainly more than 100.[2]

**C. The Amount in Controversy, As Alleged in the Complaint, Exceeds $5 Million**

Under CAFA, the District Court will not have jurisdiction over a class action unless the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). While Defendant denies that Hoffman and those who are similarly situated are entitled to any recovery whatsoever, for the purposes of subject matter jurisdiction, the amount in controversy exceeds $5 million.

Determining the amount in controversy in removal cases begins with a reading of the complaint filed in the state court. *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 398 (3d Cir. 2004). In the Complaint, Plaintiff is silent on whether the amount in controversy exceeds $5 million. As a result, the Court must perform an independent appraisal of the amount in controversy and, in doing so, may rely upon facts alleged in Defendant's Notice of Removal as well as those alleged in the Complaint. *See Judon v. Travelers Property Cas. Co. of Am.*, 773 F.3d 495,500 (3d Cir. 2014).

Plaintiff alleges that members of the putative class "suffered ascertainable loss in the form of actual out of pocket payment and expenditure," because they "paid hard earned money and received from Defendant, in exchange, a newspaper which failed to adhere to its credo and which fabricated news for political purposes." (Compl. ¶ 48.) To the extent Plaintiff is seeking damages

---

[2] Defendant does not concede that a class of 100 or more members could be certified under Fed. R. Civ. P. 23. "A putative class action's prospects for certification are irrelevant to whether federal courts have subject matter jurisdiction over that action in the first instance." *Hoffman v. Nutraceutical Corp.*, 563 F. App'x 183, 186 (3d Cir. 2014).

in an amount that is commensurate with the total subscription revenue Defendant earned in the last six years from subscribers located in New Jersey, that amount easily exceeds $5 million. For example, in 2023 alone, Defendant earned more than $5 million in revenue from New Jersey sales of digital and print subscriptions. (Sciponi Decl. ¶ 6.)

In addition, Plaintiff claims that Defendant is also liable for treble damages, punitive damages, and attorneys' fees, (Compl. ¶¶ 59, 62, 65, 68, 71, 82), all of which are properly considered in assessing the amount in controversy. *See Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (holding that punitive damages of five times the compensatory damages and attorney's fees of 30% of the judgment are properly included in the amount in controversy for jurisdictional purposes). Cases brought by Plaintiff himself establish that treble damages are properly considered in the analysis. *Hoffman v. Natural Factors Nutritional Prods, Inc.*, 2013 WL 5467106, at *6 (D.N.J. Sept. 30, 2013) (including treble damages in calculation of the amount in controversy and denying Plaintiff's motion to remand); *Hoffman v. Lumina Health Prods., Inc.*, 2013 WL 5773292, at *3 (D.N.J. Oct. 24, 2013) (noting, "Estimating the actual aggregate losses of the individuals in the proposed class is a 'relatively straightforward' process where, as is the case here, Plaintiff brings suit requesting treble damages under the CFA," and holding that the defendant's evidence that relevant sales were at least $5 million and Plaintiff's demand for treble damages were sufficient to satisfy the amount in controversy requirement); *Hoffman v. DSE Healthcare Solutions, LLC*, 2014 WL 1155472, at *3 (D.N.J. Mar. 21, 2014) (denying Plaintiff's motion for remand because defendant's evidence "coupled with Plaintiff's demand for treble damages" was sufficient to satisfy the amount in controversy requirement).

Without conceding that punitive damages may be recovered here, compensatory damages must be multiplied by five to account for the maximum punitive damages allowable under New

Jersey law for Plaintiff's common law fraud claim (Compl. ¶¶ 72-82). *See* N.J.S.A. § 2A:15-5.14(b); *see also Bosco v. Compass Grp. USA, Inc.*, 2023 WL 6158702, at *5 (D.N.J. Sept. 21, 2023). And attorneys' fees, which add thirty percent of the total amount of the judgment, must also be considered. *See Frederico*, 507 F.3d at 197. In sum, although Defendant intends to establish that no liability or recovery is appropriate here, the amount in controversy here surely exceeds $5 million.

## III. OTHER REMOVAL REQUIREMENTS ARE SATISFIED

Defendant was served with the Summons and Complaint on August 28, 2025. (**Exhibit B**.) The Notice of Removal was filed within thirty days of service of the Summons and Complaint on Defendant after application of Fed. R. Civ. P. 6(a)(1)(C). Accordingly, the removal of this action is timely under 28 U.S.C. § 1446(b).

Promptly after filing this Notice of Removal with the District Court for the District of New Jersey, a copy of this Notice of Removal, along with a Notice of Removal to Federal Court, will be filed with the Clerk of the Superior Court of New Jersey, Bergen County, Law Division, pursuant to 28 U.S.C. § 1446(d). A copy of both documents will also be served upon the *pro se* Plaintiff with a Notice to Adverse Party of Notice of Removal. Attached as **Exhibit C** is a copy of the Notice to Adverse Party of Notice of Removal (without its exhibit to avoid duplication), and attached as **Exhibit D** is a copy of the Notice of Removal to Federal Court (without its exhibit to avoid duplication).

## IV. VENUE OF REMOVED ACTION

The United States District Court for the District of New Jersey, Newark Vicinage is the United States District Court and vicinage embracing the New Jersey Superior Court, Bergen

County, where this action was filed and is pending. Therefore, venue is proper in the United States District Court for the District of New Jersey, Newark Vicinage under 28 U.S.C. § 1441(a).

## V. NON-WAIVER OF DEFENSES

Defendant expressly reserves all of its defenses. By removing the action to this Court, Defendant does not waive any rights or defenses available under federal or state law, and expressly reserves the right to move for dismissal of the Complaint pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Nothing in this Notice of Removal should be taken as an admission that Plaintiff's allegations are sufficient to state a claim against Defendant, that any class can be certified in this action, or that Plaintiff's allegations have any substantive merit. Defendant specifically denies that Plaintiff or any member of the alleged class is entitled to an award of $5 million or any other amount, and that the Complaint alleges a class that can be certified under Fed. R. Civ. P. 23.

Undersigned counsel states that this removal is well grounded in fact, warranted by existing law, and not interposed for an improper purpose.

WHEREFORE, Defendant respectfully requests that this action be removed to the United States District Court for the District of New Jersey, Newark Vicinage, and that no further proceedings be held in the New Jersey Superior Court, Law Division, Bergen County.

Dated: September 29, 2025

Respectfully submitted,

*/s/ David L. Cook*

David L. Cook
Laura E. Sedlak
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Telephone: (973) 643-7000
Facsimile: (973) 643-6500
dcook@sillscummis.com
lsedlak@sillscummis.com

*Attorneys for Defendant The New York Times Company*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2025, I caused a copy of the within Notice of Removal to be served on the following *pro se* Plaintiff by first class mail:

Harold M. Hoffman, Esq.
240 Grand Avenue
Englewood, NJ 07631

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

*/s/ David L. Cook*
DAVID L. COOK

Dated: September 29, 2025

David L. Cook
Laura E. Sedlak
SILLS CUMMIS & GROSS P.C.
One Riverfront Plaza
Newark, NJ 07102
Phone: (973) 643-7000
Facsimile: (973) 643-6500
E-mail: dcook@sillscummis.com
E-mail: lsedlak@sillscummis.com
*Attorneys for Defendant The New York Times Company*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>**THE NEW YORK TIMES COMPANY**,<br><br>Defendant. | Civil Action No. ___________<br><br>**NOTICE OF REMOVAL**<br><br>Removed From:<br>Superior Court of New Jersey<br>Bergen County – Law Division<br><br>State Court Docket No.:<br>BER-L-005816-25 |

**<u>LOCAL CIVIL RULE 11.2 CERTIFICATION</u>**

I, David L. Cook, hereby certify that this matter is not the subject of another action pending before this, or any other, Court, except for the Bergen County court from which this case is being removed. I certify under penalty of perjury that the foregoing is true and correct.

Dated: Newark, New Jersey
September 29, 2025

Respectfully submitted,

By: *<u>/s/ David L. Cook</u>*

David L. Cook