**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

**HAROLD M. HOFFMAN**, individually and on behalf of those similarly situated,

     Plaintiff,

  -against-

**THE NEW YORK TIMES COMPANY,**

     Defendant.

**Civil Action No.: 2:25-cv-16103 (EP) (MAH)**

# PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S FRIVOLOUS MOTION TO DISMISS <u>FOR ALLEGED FAILURE TO STATE A CLAIM</u>

**HAROLD M. HOFFMAN, ESQ.**
NJ ATTORNEY ID NO.: 006531984
240 GRAND AVENUE
ENGLEWOOD, NJ 07631
(201) 410 - 8223
HOFFMAN.ESQ@VERIZON.NET
*ATTORNEY FOR PLAINTIFF AND THE
 PUTATIVE CLASS*

## TABLE OF CONTENTS

PRELIMINARY STATEMENT............................................................................... 1

The Standard of Review on a Dismissal Motion under Rule 12(b)(6)................. 6

A Pre-Answer Motion to Dismiss is Granted Only In Rare Instances................. 8

The Requisite Pleading Allegations....................................................................... 10

Plaintiff has Pled an "Unlawful Practice"............................................................. 12

Plaintiff has Pled an "Ascertainable Loss"............................................................ 13

Plaintiff has Pled an "Causation"......................................................................... 15

The Complaint States a Viable Claim for Common Law Fraud........................... 15

New Jersey's UPEPA............................................................................................ 16

Conclusion............................................................................................................ 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcand v. Brother International Corporation*,
    673 F.Supp.2d 282 (D.N.J. 2009)                    14

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)                                9

*Bosland v. Warnock Dodge, Inc.*,
    197 N.J. 543 (2009)                                10, 13

*Clark v. Coupe*,
    55 F.4th 167 (3d Cir. 2022)                        9

*Cook v. Union Township*,
    2024 WL 3964392 (D.N.J. 2024)                      7

*Cox v. Sears Roebuck & Co.*,
    138 N.J. 2 (1994)                                  12, 14, 15

*Dabush v. Mercedes-Benz USA, LLC*,
    378 N.J. Super. 105 (App. Div.),
    *certif. denied,* 185 N.J. 265 (2005)              10

*Davis v. Wells Fargo*,
    824 F.3d 333 (3d Cir. 2016)                        8

*Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*,
    472 U.S. 749 (1985)                                5

*Erickson v. Pardus*,
    551 U.S. 89 (2007)                                 9

*Fagan v. Fischer,*
  2019 WL 5587286 (D.N.J. 2019)                                16

*Fenwick v. Kay American Jeep, Inc.,*
  136 N.J.Super. 114 (App.Div.1975),
  rev'd on other grounds, 72 N.J. 372 (1977)                   11, 12

*Gennari v. Weichert Co. Realtors,*
  148 N.J. 582 (1997)                                          15

*Gertz v. Robert Welch, Inc.,*
  418 U.S. 323 (1974)                                          5, 17

*Illinois ex rel. Madigan v. Telemarketing Associates, Inc.,*
  538 U.S. 600 (2003)                                          5

*In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II),*
  974 F.3d 228 (3d Cir. 2020)                                  8

*Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v.*
  *Merck & Co.,*
  192 N.J. 372 (2007)                                          15

*Jenkins v. KYW,*
  829 F.2d 403 (3rd Cir. 1987)                                 5

*Lee v. Carter-Reed Co., L.L.C.,*
  203 N.J. 496 (2010)                                          13

*Leon v. Rite Aid Corp.,*
  340 *N.J.Super.* 462 (App. Div. 2001)                        8, 12

*Mammana v. Fed. Bureau of Prisons,*
  934 F.3d 368 (3d Cir. 2019)                                  9

*McMahon v. Volkswagen Aktiengesellschaft,*
  2023 WL 4045156 (D.N.J. 2023)                                7

ii

*Miller v. American Family Publishers,*
  284 N.J. Super. 67 (N.J. Super. Ch.,1995)                14

*National Taxpayers Union v. U.S. Social Sec. Admin.,*
  302 Fed.Appx. 115 (3rd Cir. 2008)                5

*New Jersey Citizen Action v. Schering-Plough Corp.,*
  367 N.J. Super. 8 (App. Div.),
  *certif. denied,* 178 N.J. 249 (2003)                10, 15

*Paucek v. Shaulis,*
  349 F.R.D. 498 (D.N.J. 2025)                17

*Phillips v. Cnty. of Allegheny,*
  515 F.3d 224 (3d Cir. 2008)                7

*Ponzio v. Mercedes-Benz USA, LLC,*
  447 F. Supp. 3d 194  (D.N.J. 2020)                7

*Printing Mart-Morristown v. Sharp Electronics Corp.,*
  116 N.J. 739 (1989)                8

*Rasheed Heard v. City of Plainfield,*
  2025 WL 3017902 (D.N.J. October 28, 2025)                9

*Suntuity Solar, LLC v. Roseburg,*
  2023 WL 3098883 (D.N.J. 2023)                8

*Thiedemann v. Mercedes-Benz USA, LLC,*
  183 N.J. 234 (2005)                13, 14

*Union Ink Co., Inc. v. AT&T Corp.,*
  352 N.J. Super. 617 (App. Div. 2002)                14

*Wilson v. USI Ins. Serv. LLC,*
  57 F.4th 131 (3d Cir. 2023)                9

iii

*Watters v. Bd. of Sch. Dirs. of City of Scranton*,
975 F.3d 406 (3d Cir. 2020)                                    9

*Triffin v. Automatic Data Processing, Inc.*,
  394 N.J. Super. 237 (App. Div 2007)                         16

*United States v. Hansen*,
  599 U.S. 762, 769 (2023)                                     5

**Statutes**

N.J.S.A. 56:8-1                                                12

N.J.S.A. 56:8-2                                                12

N.J.S.A. 56:8-19                                           10, 15

N.J.S.A. 2A:53A-49                                            16

Rule 12(b)(6)                                            6, 7, 8, 9

**PRELIMINARY STATEMENT**

Well aware that Plaintiff's complaint states viable, actionable claims, The New York Times Company – which seeks to evade discovery at any cost – opts to engage in a game of pretend. This, because pretend is Defendant's only hope.

Thus, Defendant pretends that my complaint is intended to attack "constitutionally protected journalism" and that it is calculated to "silence news reporting" (Def.'s Mem. at 1, 13).  Defendant then follows with the frightful charge that I seek to undermine the First Amendment rights of a world renowned newspaper. Defendant apparently surmises that it will score points with this approach – despite its patent inapplicability – because of the hallowed, inviolable nature of journalistic freedom and First Amendment rights in our country.

But, a simple reading of Plaintiff's complaint evidences that it does not attack journalistic integrity; not in any respect. Nor does it seek to undermine free and open expression of journalistic opinion; not at all. Nor does it seek to stand in the way of a newspaper's inalienable First Amendment rights.

This case, as we show, does not implicate First Amendment rights. Rather, the complaint alleges that Defendant's reporting was:

- "**deliberately** false"(Complaint, para. 3);

- that Defendant knowingly and intentionally ran with a "**deliberately**

1

**deceptive**" doctored front page photograph in its July 25 edition intended to deceive the reading public (Complaint, para. 4);

- that Defendant knowingly and **deliberately** took the decision to abandon its fundamental obligation to deliver truthful and accurate news (Complaint, para. 7);

- that Defendant's **"deliberate and knowing lie"** concerning the underlying cause of the pathetic, skin and bones body of the child depicted in Defendant's front page photo was consciously employed **deliberately** to falsify the news (Complaint, para. 11);

- that Defendant exercised total and complete operational control and decision-making power concerning its fake story and photo (Complaint, para. 20);

- that Defendant knew and deliberately concealed that the bony child and his deliberately *blacked-out-of-the-photo* brother were not suffering from starvation (Complaint, para. 13);

- that Defendant knew, and yet concealed, that the child in the photo suffered from cerebral palsy, hypoxemia, and that he was born with serious genetic disorders (Complaint, para. 1); and,

- that there were no mistakes in Defendant's story; no accidents; and, no inadvertent errors implicating free speech, or journalistic freedom.

Defendant knew exactly what it was doing and its decision to lie to, and to

2

defraud its New Jersey paid subscribers, was conscious and deliberate (Complaint, para. 20). And, as we show, where a Defendant engages in deliberate fraud and deceit, **the First Amendment and journalistic freedom have no application whatsoever**. [1]

Defendant then enhances and enlarges its game of pretend with the assertion (Def.'s Mem. at 16) that my New Jersey Consumer Fraud Act ("CFA") claim is not actionable because I fail to allege that Defendant's fraudulent news story and fake front page photo – which lie at the heart of this case – were the factors that induced me to purchase a subscription to the New York Times.

Of course the fabricated July 25 photo and news story did not induce me to purchase a subscription. I was a subscriber to the New York Times prior to July 25, 2025. Instead, and as clearly alleged in the complaint, that which induced me to purchase a New York Times subscription was Defendant's written promise to deliver accurate news in exchange for my subscription funds – not fabricated lies.

That written promise is found in Defendant's *Handbook of Practices for Ethical Journalism* which is viewable on-line for all subscribers to see and to rely upon. In

---

[1] Defendant's only hope on this motion is to falsely contend that Plaintiff's complaint attacks First Amendment rights. Thus, it kicks off its Memorandum (at p. 1) with the false claim that Plaintiff's complaint alleges that Defendant "got its facts wrong." It perpetuates this falsity, throughout the balance of its Memorandum, with a non-stop defense of its sacred First Amendment right to report news, even if its reports are biased, misleading, inaccurate, erroneous, etc. But Plaintiff does not charge Defendant with bias, mistake, inaccuracy, or erroneous news reporting. Plaintiff's complaint alleges deliberate, calculated deceit – conduct which receives no First Amendment protection.

3

Chapter 2 of its Ethical Journalism Handbook, Defendant makes the written representation and promise that news reporting "accuracy is the foundation of our credibility." In reliance on this promise of accurate news reporting, I purchased and maintained the subscription. *See e.g.,* complaint, para. 27. [2]

Defendant's breach of its fundamental covenant and written promise to deliver news free of deliberate deceit in exchange for subscription fees paid by its readers is what forms the basis for Plaintiff's CFA claim.

For Plaintiff's money, Defendant promised to deliver honest, accurate news. Instead, it took Plaintiff's money and delivered deliberate lies.

In sum – and contrary to Defendant's pathetic game of pretend – *no one* disputes that the New York Times is entitled to editorial freedom to choose the news that it reports (*see, e.g.,* complaint, Para. 15). However, deliberate, calculated falsehoods and intentionally manipulated photos are neither "news" nor editorialization. (*Id.*).

The claims presented by Plaintiff are plain and straight forward: Defendant's conscious and deliberately doctored photo and fabricated "news" story deceived and cheated its New Jersey subscribers. (Complaint, para. 20). In no respect do Plaintiff's claims at bar implicate First Amendment rights.

---

[2] In a footnote on p. 12 of its Memorandum, Defendant contends that I fail to identify the basis for my claim that I was entitled to rely on the integrity of Defendant's news reporting in exchange for my subscription fees. As shown above, Defendant is mistaken.

4

Consumers, like Plaintiff, pay the New York Times for a specific, promised product: A newspaper that reports the truth (or at least attempts to do so). In Defendant's own words, "accuracy of news reporting is the foundation of our credibility."

Here, contrary to its promise, Defendant sold its subscribers **deliberate** lies. Under such circumstances, the New Jersey CFA imposes liability as it is beyond doubt that the First Amendment does not shield fraud, *see, e.g., United States v. Hansen*, 599 U.S. 762, 769 (2023), citing *Illinois ex rel. Madigan v. Telemarketing Associates, Inc.*, 538 U.S. 600, 612 (2003) (fraud is unprotected speech; the First Amendment does not shield fraud); *National Taxpayers Union v. U.S. Social Sec. Admin.*, 302 Fed.Appx. 115, 2008 WL 5175066, at 3 (3rd Cir. 2008) (public deception is unprotected speech).

Public deception is unprotected speech because an intentional lie, such as the one here perpetrated by Defendant, bears no connection to the exposition of ideas. *See, Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974) (there is no constitutional value in false statements of fact... the intentional lie does not advance society's interest in uninhibited, robust, and wide-open debate on public issues); *and see, Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985); *and, Jenkins v. KYW*, 829 F.2d 403 (3rd Cir. 1987) (First Amendment does not protect intentional lies; there is no constitutional value in false statements of fact).

5

Stripped of its patently inapplicable First Amendment defense, Defendant's

motion is exposed for what it is: a baseless roadblock in the progress of this meritorious

action. Defendant is yelling "fire" in a crowded theater to create chaos – not to preserve

a valid First Amendment right. Its motion, which does not implicate First Amendment

rights, or any other right of the free press, should be rejected, with costs in Plaintiff's

favor, and discovery commenced. [3]

### The Standard of Review on a Dismissal Motion under Rule 12(b)(6)

As we detail below and as the Court is undoubtedly aware, a reviewing court on

a pre-answer motion to dismiss for alleged failure to state claims has a very limited and

highly constricted role. It must decide whether, indulgently read, a cause of action may

be gleaned from the complaint, giving plaintiff the benefit of all reasonable factual

inferences that the allegations support. No one disputes that the plaintiff's obligation on

such motion is not to prove the case, but only to make allegations, which, if proven,

would constitute a valid cause of action.

---

[3] Defendant's assertion that it corrected, just a few days later, its blatant lie concerning the child's medical condition is also a sham. Its so-called correction was posted on The New York Times' public relations X account which has some 89,000 followers; it was not posted to The New York Times' main X account, which has 55 million followers. In sum, this was a calculated, well-thought-out scam from start to finish: Turn the world upside down with rage based on a doctored photo and deliberately fabricated story, and then follow with a so-called apology on a platform followed by 0.16% of the followers of the original story.

Here, despite Defendant's efforts at misdirection, it is plain that Plaintiff's pleading burden at this infant stage of the litigation has been adequately met and unquestionably surmounted. In full consonance with governing authority, Plaintiff makes detailed, factual allegations which, if proven, constitute good and valid statutory and common law claims.

In reviewing a motion to dismiss for failure to state a claim, the reviewing court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Cook v. Union Township*, 2024 WL 3964392 *3 (D.N.J. 2024) (Padin, J.), citing *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

Fraud-based claims are "subject to heightened specificity requirements... a plaintiff must allege who made a misrepresentation to whom and the general content of the misrepresentation." *McMahon v. Volkswagen Aktiengesellschaft*, 2023 WL 4045156 *3 (D.N.J. 2023) (Padin, J.), citing *Ponzio v. Mercedes-Benz USA, LLC*, 447 F. Supp. 3d 194, 225-226 (D.N.J. 2020).

Plaintiff's complaint satisfies both the Rule 12(b)(6) standard of review as well as the pleading standards applicable to fraud claims.

7

As this Court has recognized, a motion, such as the one at bar, to dismiss for failure to state a claim must be "approach[ed] with great caution." *Suntuity Solar, LLC v. Roseburg*, 2023 WL 3098883, at 4 (D.N.J. 2023) citing, *Printing Mart-Morristown v. Sharp Electronics Corp.*, 116 N.J. 739, 746 (1989) (motion to dismiss for failure to state a claim should be approached with great caution and granted in the rarest of instances. We must view the allegations with great liberality and without concern for the plaintiff's ability to prove the facts alleged in the complaint.) The plaintiff's obligation on a motion to dismiss is "not to prove the case but only to make allegations, which, if proven, would constitute a valid cause of action." *Leon v. Rite Aid Corp.*, 340 *N.J.Super*. 462, 472 (App. Div. 2001) (relying on *Printing Mart-Morristown, Id.*).

As we demonstrate below, within the four corners of his complaint, Plaintiff plainly meets this pleading burden.

### A Pre-Answer Motion To Dismiss
### <u>Is Granted Only In Rare Instances</u>

The defendant bringing a Rule 12(b)(6) motion bears the burden of "showing that a complaint fails to state a claim." *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 974 F.3d 228, 231 (3d Cir. 2020) (citing *Davis v. Wells Fargo*, 824 F.3d 333, 349 (3d Cir. 2016)).

On a motion to dismiss for failure to state a claim, courts "accept the factual allegations in the complaint as true, draw all reasonable inferences in favor of the

plaintiff, and assess whether the complaint and the exhibits attached to it 'contain

enough facts to state a claim to relief that is plausible on its face.' " *Wilson v. USI Ins.*

*Serv. LLC*, 57 F.4th 131, 140 (3d Cir. 2023) (quoting *Watters v. Bd. of Sch. Dirs. of City of*

*Scranton*, 975 F.3d 406, 412 (3d Cir. 2020)).  *See also, Erickson v. Pardus*, 551 U.S. 89, 93-94

(2007) (per curiam).

"A claim is facially plausible 'when the plaintiff pleads factual content that

allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged.' " *Clark v. Coupe*, 55 F.4th 167, 178 (3d Cir. 2022) (quoting *Mammana*

*v. Fed. Bureau of Prisons*, 934 F.3d 368, 372 (3d Cir. 2019)).

The foregoing rules were reaffirmed just two weeks ago in a decision of this

Court by Judge Martinotti. *See, Rasheed Heard v. City of Plainfield*, 2025 WL 3017902

(D.N.J. October 28, 2025). There, the Court held that:

> In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure
> 12(b)(6), a district court is "required to accept as true all factual allegations in the
> complaint and draw all inferences from the facts alleged in the light most
> favorable" to the non-moving party. (Citation omitted). A "complaint attacked
> by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations."
> *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Here, Plaintiff's complaint does not even require the generous and hospitable

approach mandated by the case law when facing a motion to dismiss. This, because the

causes set forth therein are amply, properly and undeniably stated.

9

## The Requisite Pleading Allegations

To state a claim under the *Consumer Fraud Act*, a private plaintiff must allege (1) an unlawful practice, (2) an ascertainable loss, and (3) causation between the unlawful practice and the ascertainable loss. *Dabush v. Mercedes-Benz USA, LLC*, 378 N.J. Super. 105, 114 (App. Div.), *certif. denied,* 185 N.J. 265 (2005); *N.J. Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8, 12-13 (App. Div.), *certif. denied,* 178 N.J. 249 (2003). A consumer who proves (1) an unlawful practice, (2) an "ascertainable loss," and (3) "a causal relationship between the unlawful conduct and the ascertainable loss," *(see Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009)), is entitled to legal and/or equitable relief, treble damages, and reasonable attorneys' fees, N.J.S.A. 56:8-19.

At bar, plaintiff has properly alleged each of these elements. And, the Complaint does so based upon highly specific, detailed, factual allegations. Thus, the complaint alleges that:

● Defendant fabricated a deliberately false news story which it highlighted with a doctored photo (unlawful practice)

● Plaintiff paid subscription fees to Defendant in exchange for Defendant's promise to deliver honest, accurate news reporting (ascertainable loss);

● Plaintiff's subscription fees – payment for honest news – were frittered away on lies (causal relationship between the unlawful practice and the ascertainable loss).

10

A simple review of the complaint evidences Plaintiff's clear allegations that Defendant delivered a deliberately deceitful, fabricated "news" story; that Plaintiff suffered ascertainable loss in the form of out of pocket subscription fees paid for a product which promised accuracy in news reporting; and, a direct, causal relationship between Plaintiff's payment of subscription fees and Defendant's deliberately fabricated photo and accompanying deliberately false news story.[4]

As we show by reference to New Jersey Supreme Court and other appellate authority, the complaint satisfies all applicable pleading requirements for a consumer fraud claim. And, it does so with requisite particularity. The goal of the Act is to "protect the consumer against imposition and loss as a result of fraud and fraudulent practices by persons engaged in the sale of goods and services." *Fenwick v. Kay American Jeep, Inc.*, 136 N.J.Super. 114, 117 (App.Div.1975), rev'd on other grounds, 72 N.J. 372 (1977).

That's precisely what happened here and what the complaint alleges. Defendant's argument that plaintiff's CFA claim was not properly pled, is entirely without merit.

---

[4] At p. 18 of its Memorandum, Defendant asserts that "the Complaint never plausibly alleges that the Times acted with intent [or that] it deliberately omitted the information from the Article in order to deceive its readers." This contention is simply false. The Complaint repeatedly alleges intent and deliberate deceit, with specificity and with clarity.

11

**Plaintiff has Pled an "Unlawful Practice"**

An unlawful practice, as defined under the CFA, is "any unconscionable commercial practice, deception, fraud, false pretense, false promise, [or] misrepresentation ... in connection with the sale or advertisement of any merchandise...." N.J.S.A. 56:8-2.  A newspaper subscription, such as the one sold by Defendant, is merchandise under the CFA. *See*, N.J.S.A. 56:8-1 (defining merchandise as including "any objects, wares, goods, commodities, services or anything offered, directly or indirectly to the public for sale").

The common thread that pervades all types of unlawful conduct is "[its] capacity to mislead." *Cox v. Sears Roebuck & Co.*, 138 N.J. 2, 17 (1994) (citing *Fenwick v. Kay Am. Jeep, Inc.*, 72 N.J.372, 378 (1977)).

Here, Defendant did far more than mislead. It deliberately lied to its subscribers by publishing a fake photo and news story; all in violation of its very own written guidelines and promises to its subscribers to provide honest news. The misrepresentation at bar could not be more clear. Plaintiff paid a subscription fee for honest news. Instead, he received lies. And, in the case of an affirmative act such as Defendant's conduct at bar, the plaintiff need not even prove intent. *Cox*, 138 N.J. at 17-18; *Leon v. Rite Aid Corp.,* 340 N.J. Super. 462, 468 (App. Div. 2001).

12

It is indisputable that false promises concerning a product – here a newspaper subscription – constitute an "unlawful practice" under the Consumer Fraud Act. *See, Lee v. Carter-Reed Co., L.L.C.*, 203 N.J. 496, 526 (2010). It is also indisputable that Defendant's deliberate fraud has no claim to First Amendment protection.

Nor is there any validity to Defendant's cynical suggestion that Plaintiff is free to seek a subscription refund (Def.'s Mem. at 13). *See*, *Bosland v. Warnock Dodge, Inc.*, 197 N.J. 543 (2009) (consumer need not seek a refund or pursue alternative remedies to resolution before filing suit under the CFA).

**Plaintiff has Pled "Ascertainable Loss"**

The New Jersey Supreme Court has opined that in cases involving a claim of misrepresentation, "either out-of-pocket loss or a demonstration of loss in value will suffice to meet the ascertainable loss hurdle and will set the stage for establishing the measure of damages." *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 248 (2005). At bar, plaintiff alleges that he and other class members purchased and paid for a misrepresented product. They paid for honest news – as promised in writing by Defendant – and received a deliberately fabricated story with accompanying doctored photo.  It is thus patent that the "out-of-pocket" payment made by plaintiff to Defendant – the subscription fee – is a clearly "quantifiable or measurable" loss that

13

satisfies the "ascertainable loss" requirement. *Thiedemann*, 183 N.J. at 249. *And see, Lee, supra.,* at 528 (the ascertainable loss is the purchase price of a bottle of broken promises).

And, there is yet a further element of "ascertainable loss" in the instant action, which is also plainly alleged in the complaint at bar. The governing judicial authority uniformly holds that "an ascertainable loss occurs when a consumer receives less than what was promised." *See, e.g., Union Ink Co., Inc. v. AT&T Corp.*, 352 N.J. Super. 617, 646 (App. Div. 2002); *Miller v. American Family Publishers,* 284 N.J. Super. 67, 87 (N.J. Super. Ch.,1995) (when the product fails to measure up to reasonable expectations based on the representations made, the consumer has been injured; he has suffered a loss).

As made clear in *Arcand v. Brother International Corporation*, 673 F.Supp.2d 282, 300 (D.N.J. 2009):

> an ascertainable loss occurs "when a consumer receives less than what was promised." *Union Ink Co., Inc. v. AT & T Corp.*, 352 N.J. Super. 617, 646 (App. Div. 2002)... (quoting *Miller v. American Family Publishers,* 284 N.J. Super. 67, 90-91(N.J. Ch.1995) (" 'For their money, they received something less than, and different from, what they reasonably expected in view of defendant's presentations. That is all that is required to establish ascertainable loss...."). The statute does not require that the loss be monetary nor that it must be plead beyond a reasonable degree of certainty. *See Cox,* 138 N.J. at 22.

As alleged in the complaint, Plaintiff and members of the class suffered ascertainable loss when, for their money, they received a product less than and different from that promised by Defendant.

14

**Plaintiff has Pled Causation**

Causation under the CFA is not the equivalent of reliance. *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co.*, 192 N.J. 372, 389 (2007) (noting that the CFA "essentially replaces reliance, an element of proof traditional to any fraud claim, with the requirement that plaintiff prove ascertainable loss"); *Gennari v. Weichert Co. Realtors*, 148 N.J. 582, 590 (1997) (noting that CFA "does not require proof of reliance"). To establish causation, a consumer merely needs to demonstrate that he or she suffered an ascertainable loss "as a result of" the unlawful practice. N.J.S.A. 56:8-19. The consumer need only allege some "causal relationship between the Defendant's unlawful conduct and the Plaintiff's ascertainable loss." *New Jersey Citizen Action v. Schering-Plough Corp.*, 367 N.J. Super. 8 (App. Div.), *certif. denied,* 178 N.J. 249 (2003) (citing *Cox v. Sears Roebuck & Co.,* 138 N.J. 2, 24, (1994).

At bar, Plaintiff plainly alleges a causal relationship between the Defendant's conduct and his ascertainable loss. Here, it is specifically alleged that Plaintiff and other consumers made the decision to subscribe to the New York Times in reliance upon the false, written promise of Defendant to deliver honest – not fabricated – news.

**The Complaint States a Viable Claim for Common Law Fraud**

Count VI of Plaintiff's complaint alleges a common law fraud claim. It is undisputed that to state a valid common law fraud claim, plaintiff must allege (1) a

material misrepresentation of presently existing or past fact; (2) knowledge or belief by defendant of its falsity; (3) intention that other persons rely thereon; (4) reasonable reliance thereon by other person; and (5) resulting damages. *Fagan v. Fischer*, 2019 WL 5587286, at 15 (D.N.J. 2019), *citing Triffin v. Automatic Data Processing, Inc.*, 394 N.J. Super. 237 (App. Div 2007).

Each of these five pleading elements is met by Plaintiff in his complaint.  It is thus indisputable that plaintiff's complaint states a valid, cognizable and well pled claim for common law fraud. Plaintiff alleges that defendant deliberately misrepresented its product by promising honest news reporting; that it did so with intent that the purchasing public rely upon the said false information and pay a fee; and, that consumers were ultimately damaged by their reasonable reliance on Defendant's promise to deliver honest news.

The Plaintiff's common law fraud claim states a cause of action and should not be disturbed.

### New Jersey's UPEPA

The throw-in component of Defendant's motion, which seeks recovery under New Jersey's newly enacted anti-SLAPP statute (N.J.S.A. Sec. 2A:53A-49, et seq.), is undoubtedly the most frivolous component of Defendant's motion. This statute, as Defendant admits (Def.'s Mem. at 22) is intended to protect against intimidation in the

16

exercise of free speech rights. *Citing, Paucek v. Shaulis*, 349 F.R.D. 498, 509 (D.N.J. 2025).

But, as already demonstrated herein (*supra.*, pp. 1 - 6), Plaintiff's complaint does not, in any measure, seek to restrict free speech rights. Indeed, Defendant's public deception is unprotected speech; it has no First Amendment attributes at all. In no measure does Plaintiff seek to restrict Defendant's right to free expression. Rather, Plaintiff seeks to hold Defendant accountable for deliberate, intentional lies, a circumstance which does not implicate the First Amendment, or free speech rights.

Defendant's calculated public deception – the fundamental, central component of Plaintiff's complaint – is not protected speech because deliberate lies bear no connection to the exposition of ideas. As noted by the Supreme Court in *Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 340 (1974), there is no constitutional value in false statements of fact and Defendant's intentional lies makes no contribution to the robust debate of public issues.

The New Jersey anti-Slapp statute has no applicability or connection to the claims at bar which allege that Defendant engaged in deliberate, calculated deceit; matters which fall outside the protective barrier of free speech rights.

17

## **Conclusion**

For all of the foregoing reasons, the defendant's pre-answer motion to dismiss

should be denied in all respects, with costs in Plaintiff's favor.

Respectfully submitted,

HAROLD M. HOFFMAN, ESQ.
240 Grand Avenue
Englewood, New Jersey 07631
(201) 410 - 8223
hoffman.esq@verizon.net
*Attorney for Plaintiff*

Dated: November 12, 2025

18